Sean R. Kelly (skelly@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone: (973) 622-3333

Of Counsel:
James H. Hulme, Esquire (James.Hulme@arentfox.com)
Richard J. Berman, Esquire (Richard.Berman@arentfox.com)
Taniel E. Anderson, Esquire (Taniel.Anderson@arentfox.com)
Ahmed Abdel-Rahman, Esquire (Ahmed.Abdel-Rahman@arentfox.com)
Alton L. Hare, Esquire (Alton.Hare@arentfox.com)
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC 20036
Telephone: (202) 857-6000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SABINSA CORPORATION,** | |
| Plaintiff, | Civil Action No. |
| v. | Document filed electronically |
| **CHEMILL INC.,** | Jury trial demanded |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Sabinsa Corporation ("Sabinsa"), by its attorneys, for its Complaint against Chemill Inc. ("Chemill") alleges as follows:

**THE PARTIES**

1. Plaintiff Sabinsa is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 20 Lake Drive, East Windsor, New Jersey.

2. On information and belief, Defendant Chemill is a corporation organized and existing under the laws of Washington, having a principal place of business at 15113 98th Court NE, Bothell, WA 98011.

## JURISDICTION AND VENUE

3. This cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case involves patent infringement, and arises under the laws of the United States, 15 U.S.C. § 1051, *et seq.*

5. This Court has personal jurisdiction over Chemill because, among other reasons, (on information and belief) it regularly does business in this District by importing dietary, cosmetic, and nutritional supplements directly into this District, including infringing products.

6. This Court further has personal jurisdiction over Chemill because, among other reasons, (on information and belief), it maintains systematic and continuous contacts with New Jersey so as to render it essentially at home in New Jersey.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## BACKGROUND

8. Dr. Muhammed Majeed founded Sabinsa in 1988. Sabinsa is a leading manufacturer and marketer of high-quality herbal extracts and specialty fine chemicals used in nutritional supplements, cosmetics, pharmaceuticals, and food products. Sabinsa's mission is to provide alternative and complementary natural products for human nutrition and well-being. Over the past 28 years, Sabinsa has brought to market more than 100 standardized botanical extracts and privately funded several clinical studies in conjunction with prestigious institutions

in support of these products, including for example its Tetrahydrocurcuminoids OG Standardized Extract (oral grade), composed of 95% tetrahydrocurcuminoids.

9. In 1991, Dr. Majeed founded Sami Labs Limited ("Sami Labs") in Bangalore, India to facilitate the increased demand for such products. In addition to facilitating the increased demand, Sami Labs also operates as a research and development facility. The original purpose of Sami Labs was to facilitate the increased demand for innovative products. Today, the main thrust and focus of Sami Labs is on new product development and market-oriented research. Sami Labs currently has over 500 employees.

10. Shortly after founding Sami Labs, Dr. Majeed hired his nephew, Mr. C.A. Anzar (now the Chairman and Managing Director of Olive), to work for Sami Labs as an office clerk. Mr. Anzar, as a trusted employee at the time, was then promoted to Manager of Special Projects in 1996, and then to Director in 1999 where he was in charge of overseeing the day-to-day operations of Sami Labs. As a Director, Mr. Anzar had access to both Sami Labs' and Sabinsa's highly confidential business records and trade secrets, as well as a familiarity with the intellectual property rights owned by Sami Labs and Sabinsa. Indeed, while he was with Sami Labs, Mr. Anzar was part of Sami Labs' effort to develop and protect various items of intellectual property.

11. Together, Sami Labs and Sabinsa, in the field of herbal supplements and nutraceuticals, are known for their vigorous development and protection of intellectual property. Indeed, Sabinsa holds near 100 U.S. and International Patents on many of its high-quality herbal extracts, cosmeceuticals, minerals, dietary supplements, and specialty fine chemicals.

12. In 2007 Mr. Anzar abruptly left Sami Labs to start Olive, likely taking with him Sabinsa's product and customer lists, as well as other proprietary data. Accordingly, Sabinsa and Olive are fierce direct competitors.

## THE PATENT-IN-SUIT

13. On November 25, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,653,327, titled "Cross-Regulin Composition of Tumeric-Derived Tetrahydrocurcuminoids for Skin Lightening and Protection Against UVB Rays" ("the '327 Patent") to Sabinsa as assignee of the inventors Muhammed Majeed and Vladimir Badmaev. A true and correct copy of the '327 Patent is attached as Exhibit A.

14. Sabinsa is the owner of all rights, title, and interest in the '327 Patent.

15. The '327 Patent covers, among other things, compositions containing tetrahydrocurcuminoids ("THC"), as well as methods and benefits for using such compositions.

## ACTS GIVING RISE TO THIS ACTION

16. On information and belief, Chemill is in the business of, among other things, manufacturing, importing, selling, and offering to sell, among other things, dietary and nutritional supplements, including infringing THC products purchased and/or imported from Olive, which it regularly imports and sells to customers located in New Jersey.

17. On information and belief, Olive manufacturers, imports, exports offers to sell, and sells, among other things, dietary and nutritional supplements, including infringing THC products.

18. An infringing THC product is listed on page 10 of Olive's Product Brochure under "Product List" as "Tetrahydrocurcuminoids 95% - Cosmetic grade Organic Turmeric

Extract" under Olive's "Turmeric Extract (*curcuma longa extract*)" product offerings.  A true and correct copy of this product brochure is attached as Exhibit B.

19. On its website, Olive advertises "Nutraceuticals and Standardized Botanical Extracts," including "*Curcuma longa* (Turmeric)," whose "Indications" include "Anti-inflammatory."  A true and correct copy of Olive's Nutraceuticals and Standardized Botanical Extracts webpage is attached as Exhibit C.

20. On information and belief, Olive has manufactured, used, imported, exported, sold, and/or offered for sale and continues to manufacture, use, import, export, sell, and/or offer for sale products that directly infringe, induce the infringement, and/or contribute to the infringement of the '327 Patent.

21. In addition, Olive also advertises on its website that the "*Curcuma longa* (Turmeric)," extract includes an "Anti-inflammatory" Indication.  A true and correct copy of Olive's Nutraceuticals and Standardized Botanical Extracts webpage demonstrating such indication is attached hereto as Exhibit C.

22. An infringing product is listed on Chemill's website.  Chemill identifies it as "THC" with a specification of "Curcumin 95%" to "significantly improve colon health, hearth health, and neuro health."  *See* Ex. D.  A true and correct copy of Chemill's website showing the infringing product is attached as Exhibit D.

23. On information and belief, Chemill has sold in the U.S. and/or imported into the U.S. THC product(s) from Olive, including Olive's Tetrahydrocurcuminoids 95% - Cosmetic Grade Organic Turmeric Extract.

24. On information and belief, Chemill has used, imported, sold, and/or offered for sale and continues to use, import, sell, and/or offer for sale products that infringe, contribute to

the infringement, and/or induce the infringement of the '327 Patent, including for example infringing THC products purchased and/or imported from Olive.

## COUNT I
### (Direct Infringement of the '327 Patent)

25. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 24 of this complaint, as though fully set forth in this Count.

26. On information and belief, Chemill has directly infringed and continues to directly infringe at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale products containing THC, including infringing THC products purchased and/or imported from Olive.

27. On information and belief, Chemill directly infringes at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by, among other things, manufacturing, using, selling, offering to sell, and importing THC products such as Olive's infringing THC product identified on page 10 of Olive's product brochure (*see* Ex. B at 10) and on Olive's website (*see* Ex. C), as evidenced by Chemill's website (*see* Ex. D).

28. On information and belief, Chemill has committed these acts of direct infringement with full knowledge of the '327 Patent and Sabinsa's patent rights because, among other reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. E at 7–8 & n.13. A true and correct copy of this paper is attached as Exhibit E.

29. All of these infringing acts by Chemill lack the permission, license, or consent of Sabinsa.

30. All of these infringing acts by Chemill have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Chemill is enjoined by this Court.

31. By reason of Chemill's acts of direct infringement, Chemill has been unjustly enriched.

32. By reason of Chemill's acts of direct infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including lost sales (and thus profits), market erosion and diminution of the value of the '327 Patent, in an amount to be determined.

33. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

## COUNT II
### (Induced Infringement of the '327 Patent)

34. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 33 of this complaint, as though fully set forth in this Count.

35. On information and belief, Chemill has induced the infringement and continues to induce infringement of at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale products containing THC, including for example infringing THC products purchased and/or imported from Olive. *See* Ex. B at 10; Ex. C; Ex. D.

36. On information and belief, Chemill intends to cause other entities to infringe at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by supplying its customers with infringing THC products with the full knowledge that its customers' actions constitute direct infringement. *See* Ex. D.

37. On information and belief, Chemill's customers are directly infringing and continue to directly infringe at least claims 1–7 and 10–12 claims of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale infringing THC products supplied by Chemill, including for example infringing THC products that Chemill purchased and/or imported from Olive. *See* Ex. B at 10; Ex. C; Ex. D.

38. Chemill has induced, and continues to induce, infringement of at least claims 1–7 and 10–12 of the '327 Patent.

39. On information and belief, Chemill has committed these acts of infringement with full knowledge of the '327 Patent and Sabinsa's rights because, among other reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. E at 7–8 & n.13.

40. All of these infringing acts by Chemill and/or others lacked the permission, license, or consent of Sabinsa.

41. All of these infringing acts by Chemill have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Chemill is enjoined by this Court.

42. By reason of Chemill's acts of induced infringement, Chemill has been unjustly enriched.

43. By reason of Chemill's acts of induced infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales (and thus profits), market erosion, and diminution of the value of the '327 Patent, in an amount to be determined.

44. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

## COUNT III
**(Contributory Infringement of the '327 Patent)**

45. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 44 of this complaint, as though fully set forth in this Count.

46. On information and belief, Chemill has contributed to the infringement and is continuing to contribute to the infringement of at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale products containing THC. *See* Ex. D.

47. On information and belief, Chemill's customers are directly infringing and continue to directly infringe at least claims 1–7 and 10–12 of the '327 Patent, either literally or under the doctrine of equivalents, by manufacturing, using, importing, selling, and/or offering for sale products containing THC supplied by Chemill. *See* Ex. D.

48. On information and belief, Chemill's infringing THC products practice at least claims 1–7 and 10–12 of the '327 Patent. Each of these claims encompasses use of THC as an anti-inflammatory agent. Further, Chemill's infringing THC products are a material part of the '327 Patent. In addition, Chemill's infringing THC products are known by Chemill to be especially made or especially adapted for use in an infringing manner with respect to at least claims 1–7 and 10–12 of the '327 Patent. Finally, Chemill's infringing THC products are not a staple article or commodity of commerce suitable for substantial non-infringing use other than practicing at least claims 1–7 and 10–12 of the '327 Patent.

49. On information and belief, Chemill has committed these acts of contributory infringement with full knowledge of the '327 Patent and Sabinsa's rights because, among other

reasons, Sabinsa published a paper in 2008 identifying the '327 Patent in connection with use of THC. *See* Ex. E at 7–8 & n.13.

50. All of these infringing acts by Chemill and/or others lacked the permission, license, or consent of Sabinsa.

51. All of these infringing acts by Chemill have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Chemill is enjoined by this Court.

52. By reason of Chemill's acts of contributory infringement, Chemill has been unjustly enriched.

53. By reason of Chemill's acts of contributory infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales (and thus profits), market erosion, and diminution of the value of the '327 Patent, in an amount to be determined.

54. As a result of the continuing harm to Sabinsa and the diminution of the value of the '327 Patent, Sabinsa has no adequate remedy at law.

## RELIEF SOUGHT:

WHEREFORE, Sabinsa prays for Judgment in its favor and against Chemill, and respectfully requests the following relief:

(1) An Order that Chemill's infringing THC products directly infringe, induce the infringement, and/or contribute to the infringement of at least claims 1–7 and 10–12 of the '327 Patent;

(2) An Order granting a preliminary and/or permanent injunction enjoining Chemill, including its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them, from commercially manufacturing, using, offering to sell, or selling its

infringing THC products within the United States or importing its infringing THC products within the United States prior to expiration of the '327 Patent;

(3)     An Order granting an accounting to determine and assess against Chemill an award to fully compensate Sabinsa for damages arising out of Chemill's infringement of the '327 Patent;

(4)     An Order granting that this case be deemed exceptional under 35 U.S.C. § 285;

(5)     An Order awarding treble damages against Chemill by reason of the willful and deliberate nature of its infringement;

(6)     An Order awarding Sabinsa its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

(7)     An Order awarding Sabinsa any such other, further, different, or additional relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Sabinsa demands trial by jury as to all issues so triable in this action.

Dated:  June 8, 2016                                  Respectfully submitted,

**SAIBER LLC**
Attorneys for Plaintiff

By:  _s/ Sean R. Kelly_
        Sean Kelly, Esquire
        18 Columbia Turnpike
        Suite 200
        Florham Park, NJ 07932-2266
        (973) 622-3333

Of Counsel:

11

James H. Hulme, Esquire
Richard J. Berman, Esquire
Taniel E. Anderson, Esquire
Ahmed Abdel-Rahman, Esquire
Alton L. Hare, Esquire
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC 20036
(202) 857-6000

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for Sabinsa Corporation ("Sabinsa") hereby certifies that this matter is the subject of the following actions asserted by Sabinsa: *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*; *Sabinsa Corp. v. Nachurel Ingredients LLC*, and *Sabinsa Corp. v. Aegle Bios Inc.*, actions which are being filed concurrently herewith in this District.

Dated:  June 8, 2016                                s/ Sean R. Kelly
                                                    Sean R. Kelly

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Sabinsa hereby certifies that Sabinsa seeks declaratory relief. This action is, therefore, not appropriate for compulsory arbitration.

Dated:  June 8, 2016                                s/ Sean R. Kelly
                                                    Sean R. Kelly